IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alexandre Pchenitchnikov | ) | No. CIV 05-2149 PHX-JWS (LOA) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Alberto Gonzales, | ) | |
| Respondent. | ) | |

This matter arises on Petitioner's Motion for the Court to Grant his Petition for Writ of Habeas Corpus (file stamped December 13, 2005) which the Court construes as a motion for entry of default.

Petitioner requests that the Court grant his Petition for Writ of Habeas Corpus because Respondent failed to file an Answer to the Petition within the allotted time. On November 14, 2005, the Court ordered that the Clerk of Court serve a copy of the Petition on Respondent and that Respondent file a Response to Petitioner's Petition for Writ of Habeas Corpus within 20 days of service of the Petition. (document # 3) Service was executed on Respondent on November 28, 2005. (document # 4) Therefore, Respondent's Response is not due until December 18, 2005.

On December 8, 2005, Respondent filed a motion for extension of time requesting until December 13, 2005 to file a Response to the Petition. (document # 6) Respondent either miscalculated the date upon which its Response was due or was proceeding with extra caution in this case.   Not realizing that Respondent's motion for extension of time was unnecessary,

1 the Court granted Respondent's motion.  Respondent timely filed a Response on December 13,
2 2005. (document # 6)  Accordingly, Petitioner's motion lacks merit because a response has been
3 filed within the deadline set by the Court.

4 Moreover, federal courts do not favor the use of default judgments to grant habeas relief without reaching the merits of the claims.  See, Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  Nevertheless, it is within the district court's discretion to enter default judgment for petitioner if the government's failure to respond creates excessive delay in the proceedings. See, Ruiz v. Cady, 660 F.2d 337, 341 (7th Cir.1981). Respondent has filed a timely response and did not create any delay in this matter.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Motion that the Court Grant his Petition for Writ of Habeas Corpus (file stamped December 13, 2005) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 15th day of December, 2005.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge